UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL RODRIGUEZ,<br><br>Defendant. | NO: 2:17-CR-11-RMP<br><br>ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME |

BEFORE THE COURT are Defendant Paul Rodriguez's construed Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, ECF No. 57, and Motion for Extension of Time to File a § 2255 Motion. ECF No. 56. Mr. Rodriguez, an inmate at the Federal Correctional Institution in Sheridan, Oregon, brings these motions *pro se*. The Court has reviewed Mr. Rodriguez's pleadings, has considered the record, and is fully informed.

/ / /

/ / /

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME~1

On March 28, 2017, Mr. Rodriguez entered a plea agreement. *See* ECF No. 36. Mr. Rodriguez knowingly and voluntarily pled guilty to one count of Possession with the Intent to Distribute 50 Grams or more of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). *See* ECF No. 38. On July 26, 2017, the Court sentenced Mr. Rodriguez to 120 months of imprisonment in this matter. ECF No. 54. The Court did not impose Mr. Rodriguez's sentence to run concurrent with any other sentence. In a related state case in Spokane County Superior Court, Case No. 15-1-04022-8, Mr. Rodriguez was charged with one count of second degree identity theft. *See* ECF No. 57. Mr. Rodriguez states that he was convicted of that offense, and was sentenced to 12 months of imprisonment, with credit for time served. *Id.*

Mr. Rodriguez now moves this Court to amend his sentence to give him credit for the time he served while in state custody pending the resolution of this matter and to set his federal sentence to run concurrent with his state court sentence. *Id.* Mr. Rodriguez also filed a motion seeking an extension of time to file a § 2255 motion. *See* ECF No. 56.

/ / /

/ / /

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME~2

*Motion for Extension of Time to File § 2255 Motion*

An initial § 2255 motion must be filed within one year after the date the defendant's conviction became final, the date the Supreme Court initially recognized the basis for the claim, or the date the facts supporting the claim became known. 28 U.S.C. § 2255(f). If a petitioner does not appeal, his conviction becomes final upon the expiration of the 14-day period for filing a timely notice of appeal following the entry of judgement. Fed. R. App. P. 4(b)(1)(A). Judgment against Mr. Rodriguez was entered July 26, 2017. ECF No. 54. Mr. Rodriguez did not appeal his conviction or sentence within 14 days following the entry of the judgment. Thus, the last day that Mr. Rodriguez could timely file a § 2255 motion was August 9, 2018, fourteen days and one year after his judgment became final. Mr. Rodriguez filed his letter that the Court construes as a motion on August 1, 2018, within the one-year time limit. *See* ECF No. 57. Therefore, the Court finds that Mr. Rodriguez's Motion for Extension of Time to File § 2255 Motion is moot as his request for a reduction in sentence is timely.

*Legal Standard for Initial Consideration of 28 U.S.C. § 2255 Motion*

A prisoner in custody may move the court which imposed his or her sentence to vacate, set aside, or correct the sentence on grounds including "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is subject to collateral attack." 28 U.S.C. § 2255(a) (2006). Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts ("Rule 4"), if it "plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b). However, if the motion is not dismissed, the judge must order the government to respond. *Id.*

A defendant's waiver of his right to appeal and to file a § 2255 motion is valid if the defendant consented to express terms knowingly and voluntarily. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). The Court found that Defendant knowingly and voluntarily entered into his plea agreement. *See* ECF No. 38. In addition, the Court reviewed all aspects of his plea agreement with him during his change of plea hearing. Furthermore, the § 2255 waiver in the plea agreement is express. *See* ECF No. 36. The written plea agreement explicitly stated that Mr. Rodriguez relinquished his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information that could not have been known by Mr. Rodriguez and which, in the exercise of due diligence, could not have been known by Mr. Rodriguez by the time that the Court imposed its sentence. *Id.* at 9.

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME~4

The Court finds that Mr. Rodriguez has not alleged ineffective assistance of counsel in his construed motion, and therefore he has waived his right to file this post-conviction motion attacking his sentence. Because the Court finds that Mr. Rodriguez is not entitled to relief, it must dismiss Mr. Rodriguez's construed Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255.

Even if the Court were to disregard Mr. Rodriguez's waiver, Mr. Rodriguez has not stated a claim on which his sentence could be reduced. Time served for a conviction in a separate state court case does not automatically run concurrent with a federal sentence, and any time spent in custody in a state facility for a federal sentence must be calculated by the Bureau of Prisons, not the Court. *See United States v. Moore*, 54 Fed. Appx. 632, 633 (9th Cir. 2002) ("[C]redit for time served in a matter within the province of the Bureau of Prisons under [18 U.S.C. § 3585(b)] and computed after a defendant begins serving his sentence."). Mr. Rodriguez has not alleged or stated any facts from which the Court could conclude that the Bureau of Prisons failed to count all the time that he was held in custody for his federal charge.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Construed Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, **ECF No. 57**, is **DISMISSED**.

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME~5

2. Defendant's Motion for Extension of Time to File a § 2255 Motion, **ECF No. 56**, is **DENIED as MOOT**.

The District Court Clerk is directed to enter this Order and provide a copy to *pro se* Defendant, and **close this case** and civil case number **2:18-CV-241-RMP**.

**DATED** August 17, 2018.

                                 *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                  United States District Judge

ORDER DISMISSING DEFENDANT'S CONSTRUED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION OF TIME~6